UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON LEE GAERTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1872-RLW |
| ) | |
| CALEB SOWELL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Brandon Lee Gaertner, a pretrial detainee at St. Louis County Justice Center, for leave to commence this action without pre-payment of the required filing fee and for appointment of counsel. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). Given this dismissal, the motion for appointment of counsel will be denied as moot.

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 2001) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

**Discussion**

Plaintiff files this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.[1] He names fifty-four defendants, suing all in both their official and individual capacities. Defendants appear to be private individuals with some relationship to plaintiff, and many are allegedly members of the Family Values prison organization.

In his complaint, plaintiff alleges he was the victim of an at-home surgery in which certain people, some of whom are named as defendants, implanted a computer chip in his brain and "control[] the implant's abilities to shock me." He states he and his son have received death threats, apparently through social media. He alleges that several of the defendants cook methamphetamine "in the basement's garage to fund the public's energy and movement. Also a darknet delivery utilized for devices to be sent to (check all USPS and delivery package services)."

Plaintiff lists his injuries as headaches and severe eye pain caused by the implant, "psyche problems beyond belief, psyche, visits to multiple hospitals, reported to psyche Dr.'s here and at Bonne Terre," suicide attempts, and loss of sleep and appetite. For relief he seeks $1 million from each defendant.

From January 6, 2021 to March 17, 2021, plaintiff has submitted nine multiple-page supplements to his complaint. In one supplement he seeks to add ten defendants. In another, he alleges his implant is "like a dog collar with a controller plus a Johnny Lambrose mind reader and a VR headset all in one brain." Another supplement alleges a defendant sells organs on the dark web. The supplements include stream-of-consciousness narrations of methamphetamine deals and drug binges. The crux of his complaint is repeated throughout the supplements, *i.e.*, that the Family

---

[1] Plaintiff filed a separate case alleging similar facts in this Court on December 14, 2020. The case was dismissed without prejudice as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). *See Gaertner v. Williams*, No. 4:20-CV-1775-HEA (E.D. Mo. filed Jan. 7, 2021).

Values gang implanted a device in his brain bought off the dark web and it is causing plaintiff to have seizures "due to its ability to create visual color displays." Although plaintiff is in protective custody, he states he is at risk of being murdered by inmates or having his food poisoned.

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court therefore concludes that this action is factually frivolous, and will dismiss it as such. *See* U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as factually frivolous pursuant to U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this ___17th___ day of March, 2021.

                                                      */s/ Ronnie L. White*
                                                      RONNIE L. WHITE
                                                      UNITED STATES DISTRICT JUDGE